# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEBRA MARIE HALL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-08-271-FHS-SPS |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

The claimant Debra Marie Hall requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that she was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take

---

[1] Step one requires the claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on February 10, 1955, and was 52 years old at the time of the administrative hearing. She has a high school education and previously worked as a direct care specialist and a supervisory direct care specialist at a school for the deaf. The claimant alleges disability since October 11, 2004, because of diabetes, hypertension, high cholesterol, acid reflux and a mental breakdown.

## Procedural History

On May 26, 2005, the claimant protectively filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, which was denied. ALJ Edward Thompson conducted a hearing and determined that the claimant was not disabled on March 12, 2008. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the physical residual functional capacity ("RFC") to perform a full range of work, but the claimant had mental restrictions that limited her to "perform[ing] simple tasks with routine supervision[,] . . . relat[ing] to coworkers and supervisors for work purposes[,] . . . [and] hav[ing] trouble relating with the public." (Tr. 16). The ALJ concluded

that the claimant was not disabled because there was work she could perform existing in significant numbers in the regional and national economies, *e. g.*, production worker, inspector, accounting clerk, housekeeper, records clerk, plastics worker, laundry worker, janitor, and food prep worker (Tr. 19).

## Review

The claimant's sole contention is that the ALJ failed to properly evaluate her credibility. The undersigned Magistrate Judge finds that this contention has merit and accordingly recommends that the Commissioner's decision be REVERSED and REMANDED.

The record reveals that the claimant's severe impairments include major depressive disorder and generalized anxiety disorder (Tr. 14). At the administrative hearing, the claimant testified that she suffered from a back condition for which she had undergone back surgery and that she had also undergone knee surgery (Tr. 314). She stopped working in October 2004 after suffering a job-related mental breakdown (Tr. 315-16). She had very little social contact, except for her immediate family, and rarely went out unless with her family (Tr. 320). She cared for her granddaughters three days a week while her daughter was working, but she was unable to lift even the lightest grandchild (weighing twenty-seven pounds) because of her back (Tr. 322-23, 344-45). The claimant estimated that at least four to six days per month, she stayed in bed all day long (Tr. 324). She had problems concentrating and forgetting things, suffered from arthritis, and had eight to ten migraines per year (Tr. 324-25). She was depressed and felt stressed out all the time. She began

receiving treatment for her mental health issues shortly after her breakdown, which included counseling and medication (Tr. 356-60). She had residual issues with her right hip and leg as a result of her back problems (Tr. 327-28). The claimant could only sit for fifteen to twenty minutes before needing to get up and move around and could not bend. She could stoop with assistance, and when she experienced muscle spasms, she had to lie down (Tr. 329-30). She also suffered from carpal tunnel syndrome, bunions on her feet, diverticulitis, colitis and gastritis, diabetes, hypertension, and high cholesterol; all conditions for which she took medication (Tr. 331-38). The claimant testified that she cleaned house (but she spread it out over several days), took care of her personal needs (Tr. 339), and drove (Tr. 349). She cooked meals two to three times per week, did laundry, grocery shopped every two weeks, helped her husband take care of the dogs, and paid the bills (Tr. 349-51).

The ALJ summarized the claimant's testimony and indicated that he "considered all symptoms and the extent to which [the] symptoms c[ould] reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." (Tr. 16). He also "considered the claimant's statements concerning her impairments and their impact on her ability to work in light of the claimant's own description of her activities and lifestyle, the medical history, the degree of medical treatment required, the reports of the treating and examining practitioners, the findings made on examination, and her demeanor at the hearing[,]" and he concluded "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity,

persistence and limiting effects of these symptoms [were] not credible to the extent they [were] inconsistent with the residual functional capacity assessment for the reasons explained below." (Tr. 17).

Deference must be given to an ALJ's credibility determination unless there is an indication that the ALJ misread the medical evidence when taken as a whole. *Casias,* 933 F.2d at 801. But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. "[B]oilerplate language fails to inform [a court] in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible." *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004), *citing Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001).

The ALJ's analysis of the claimant's credibility in this case fell below these standards. For example, the ALJ considered the claimant's daily activities, *e. g.*, cooking, cleaning, doing laundry, shopping, driving, handling finances, watching television and talking to friends, taking care of her pets, providing part-time care for her grandchildren, and going out with her family, but this does not *in and of itself* undermine the claimant's subjective complaints of pain. *See*, *e. g., Frey,* 816 F.2d at 516-17 ("Nor does the ALJ's citation of 'daily activities' indicate substantial evidence refuting Frey's complaint of disabling pain or its credibility. . . . [T]he claimant had performed a few household tasks, had worked on his cars, and had driven on occasional recreational trips. . . . [S]poradic performance does not

establish that a person is capable of engaging in substantial gainful activity."), *citing Broadbent v. Harris*, 698 F.2d 407, 413 (10th Cir. 1983). Further, the ALJ did not specifically mention the factors relevant to an assessment of the claimant's credibility. Although he is not required to perform "a formalistic factor-by-factor recitation of the evidence[,]" *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), the ALJ must at least link his credibility determination to the evidence in the record when rejecting the claimant's subjective complaints. *See, e. g., Kepler*, 68 F.3d at 391 (The ALJ must "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible."). In this case, the ALJ summarized the claimant's testimony and the evidence in the record, but with the exception of the claimant's performance of daily activities, he failed to specifically link his credibility findings to evidence in the record (Tr. 17-18). Thus, "the link between the evidence and credibility determination [was] missing" and all that is left is the ALJ's conclusion that the claimant's subjective complaints were not credible. *Kepler*, 68 F.3d at 391.

Because the ALJ failed to follow the standards set forth in *Kepler* and *Hardman* in analyzing the claimant's credibility, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis so the Court can assess "whether relevant evidence adequately supports the ALJ's conclusion[.]" *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). On remand, if the ALJ determines that the claimant's subjective complaints result in further functional limitations, he must include those limitations in the claimant's RFC and re-determine whether she is disabled.

**Conclusion**

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and REMANDED for further proceedings as set forth above. Any objections to this Report and Recommendation must be filed within ten days.

**DATED** this 7th day of July, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**